**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN ARTHUR FREE,<br><br>     Petitioner-Appellant,<br><br>v.<br><br>GARY SWARTHOUT, Warden,<br><br>     Respondent-Appellee. | No. 11-17631<br><br>D.C. No. 2:11-cv-0166GGH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gregory G. Hollows, Magistrate Judge, Presiding[**]

Submitted March 8, 2017[***]

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

 John Arthur Free appeals from the district court's judgment denying his 28

U.S.C. § 2254 habeas petition challenging a 2010 decision by the Board of Parole

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The parties consented to proceed before a magistrate judge.

  [***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. R. 34(a)(2).

Hearings denying parole and deferring his next parole hearing for seven years in accordance with California Penal Code § 3041.5 ("Marsy's Law"). We dismiss.

This court issued a certificate of appealability ("COA") on whether application of Marsy's Law to delay Free's next parole hearing for seven years violates the Ex Post Facto Clause, and whether Free's membership in a class action precludes his individual litigation of this claim in habeas. We vacate the COA as improvidently granted and dismiss this appeal for lack of jurisdiction. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc) (holding that claims fall outside "the core of habeas corpus" if success will not necessarily lead to immediate or earlier release from confinement), cert. denied, 580 U.S. __ (U.S. Jan. 9, 2017) (No. 16-6556); *Phelps v. Alameda*, 366 F.3d 722, 727-28, 730 (9th Cir. 2004) (merits panel has the power to rule on the propriety of a COA).

The dismissal of this appeal does not preclude Free from pursuing conditions of confinement claims in a properly filed civil rights action under 42 U.S.C. § 1983.

All pending motions are denied as moot.

**DISMISSED.**